UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUZAFFER ATA,

        Petitioner,

v.                                                                                          Case Number: 08-CV-13849
                                                                         Honorable Nancy G. Edmunds

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT THEREBY
DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, AND
(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN
APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

       Petitioner Muzaffer Ata, a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights.  Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316A, and felony firearm, MICH. COMP. LAWS § 750.227BA, following a bench trial in the Wayne County, Michigan Circuit Court in 1995.  He was sentenced to life imprisonment for the murder conviction and the mandatory two-years imprisonment for the felony-firearm conviction.  In his pleadings, Petitioner raises two claims: one concerning the voluntariness of his confession and the other based on ineffective assistance of counsel.   Respondent did not file an answer but rather filed a motion for summary judgment, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1).

After carefully reviewing this claim, the Court concludes that the petition was filed after the applicable statute of limitations had expired and that the late petition cannot be saved by the doctrine of equitable tolling, thereby denying Petitioner's motion for equitable tolling.  The Court, therefore, will dismiss the petition.  The Court also declines to issue Petitioner a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

## I.  BACKGROUND

### A.  Substantive Facts

This case arises from the death of sixteen-year-old Rodney Westbrook on September 24, 1995, where Petitioner argued with Westbrook's mother and sister at the home where he (Westbrook) lived.  Testimony revealed that Petitioner felt humiliated by Westbrook's attempts to quiet down the argument and believed that Westbrook had a gun.  Shortly after the argument, Petitioner left the house.  About two to three minutes later, Petitioner returned to the house with a loaded gun.  He fired shots at the top of the house and then pointed the gun at Westbrook's mother but did not shoot her.  Petitioner then saw Westbrook and fired at least five shots at him.  Westbrook died from multiple gunshot wounds, including a shot to the head.

### B.  Procedural Facts

Petitioner was subsequently convicted and sentenced as stated above.  Following sentencing, Petitioner filed his direct appeal with the Michigan Court of Appeals, asserting that there was insufficient evidence to convict him.  The Michigan Court of Appeals affirmed his convictions and sentences.  *People v. Ata*, No. 206341, 1999 WL 33438808 (Mich.Ct.App. July 13, 1999) (unpublished).  Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court, raising the same claim as was raised in the Court of Appeals.

The Michigan Supreme Court denied his application on January 31, 2000.  *People v. Ata*, 461 Mich. 956, 607 N.W.2d 368 (2000).

Then, on May 2, 2006, Petitioner filed a motion for relief from judgment with the Wayne County Circuit Court, raising an ineffective assistance of counsel claim.  On December 18, 2006, the circuit court issued an opinion and order denying Petitioner's motion.  *People v. Ata*, No. 97-000117-01 (Wayne County Circuit Court, Dec. 18, 2006).

In June 2007, Petitioner then filed an application for leave to appeal that decision with the Michigan Court of Appeals, raising an ineffective assistance of counsel claim and an involuntary confession claim.  On October 24, 2007, the Michigan Court of Appeals denied Petitioner's application, "because [Petitioner] has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Ata*, No. 278924 (Mich.Ct.App. Oct. 24, 2007).  Petitioner filed an application for leave to appeal that decision with the Michigan Supreme Court, which was denied on April 28, 2008.  *People v. Ata*, 480 Mich. 1186, 747 N.W.2d 264 (2008).

Following, on September 8, 2008, Petitioner filed his petition for a writ of habeas corpus, along with a motion for equitable tolling.  (Dkt. ## 1 & 3.)  Rather than filing an answer to the petition, on March 10, 2009, Respondent filed a motion for summary judgment, asserting that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions.  (Dkt. # 8.)

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective

date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir.2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 1236, 170 L.Ed.2d 81 (2008). Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of

the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The United States Supreme Court has held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

### III.  DISCUSSION

#### A.  Timeliness of Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations period. Petitioner's application for leave to appeal to the Michigan

Supreme Court was denied on January 31, 2000.  Petitioner then had ninety days from that order, or until April 30, 2000, in which to seek a writ of certiorari with the United States Supreme Court.[1]  SUP.CT.R. 13.  Thus, for statute of limitations purposes, Petitioner's convictions became final on or about April 30, 2000.  The limitations period commenced the following day, May 1, 2000, and continued to run uninterrupted until it expired on May 1, 2001.  Accordingly, Petitioner was required to file his habeas petition on or before May 1, 2001, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

Indeed, Petitioner filed a post-conviction motion in state court, seeking relief from judgment, on May 2, 2006, approximately five years after the limitations period for his habeas relief expired.  Thus, the untimely filing of that motion did not toll or restart the running of the statute of limitations period.  Petitioner does not allege facts to show that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts.  Consequently, Petitioner is barred from habeas relief by the untimely filing of his petition as set forth in 28 U.S.C. § 2244 (d).  However, Petitioner contends that the doctrine of equitable tolling should apply because of his numerous mental health problems.

### B.  Equitable Tolling

The United States Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling.  *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n. 8 (2005).  However, most circuits, including the United States Court of Appeals for the Sixth

---

[1] In 2000, April 30 fell on a Sunday, and thus Petitioner would have had until May 1, 2000, in which to file his petition for writ of certiorari with the United States Supreme Court.  Fed.R.Civ.P. 6(a)(3).

Circuit, have determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence is likewise undecided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, it has determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418.

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004)). "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61

(6th Cir.2000)); *see Pace*, 544 U.S. at 418.  We have repeatedly cautioned that equitable tolling should be granted "sparingly."  *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.") (Citation omitted).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.

Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (Inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *Souter*, 395 F.3d at 588-90.  As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."  *Souter,* 395 F.3d at 602.  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner asserts that he is entitled to equitable tolling because he suffers from mental health problems, because he has been hospitalized on various occasions, and because he has been and continues to be medicated by the Michigan Department of Corrections for his mental health problems. Possible mental illness is not an automatic reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F.Supp.2d 761, 767-68 (E.D. Mich. 2002). Rather, mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, 2006 WL 416189, 5 (E.D. Mich. Feb. 21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to file a habeas petition timely. *Brown*, 232 F.Supp.2d at 767-68 (citations omitted). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

In a recent decision, the Sixth Circuit held that mental incompetence is not a *per se* reason to toll a statute of limitations and, in order to be entitled to equitable tolling on that basis, "the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain v. Davis*, 287 Fed.Appx. 450, 456 (6th Cir. 2008) (unpublished); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002) ("[T]he alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."); *Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir. 2002) (holding that the incapacity of the petitioner can warrant the equitable tolling of the statute of limitations where the petitioner makes a threshold showing of incompetence and demonstrates that the

-9-

incompetence affected [his] ability to file a timely habeas petition).

Here, Petitioner was competent to stand trial and pursued his rights on direct appeal. Therefore, he has not demonstrated that his mental condition and treatment impeded his ability to seek habeas review of his convictions on a timely basis. Petitioner has failed to establish that he was incompetent during all or even a significant portion of the over five years he allowed to lapse before the limitations period expired. Rather, Petitioner provides only unsupported and conclusory allegations; he argues that his trial attorney was ineffective for failing to articulate an insanity or diminished capacity defense at trial.[2] Even if Petitioner had certain mental ailments in the past, he has failed to meet his burden of establishing that the alleged impairments affected his ability to file a timely habeas petition.

Furthermore, the Court finds that Petitioner has also failed to establish that he diligently pursued his rights, given that he filed his motion for relief from judgment over five years after the limitations period had expired, and given that he filed his habeas petition over four months after state appellate review of his motion for relief from judgment had ended. Petitioner is also not entitled to equitable tolling under *Souter*, as he has neither alleged nor met the stringent standard for establishing a credible claim of actual innocence.

Against that backdrop, the Court finds that Petitioner has not met his burden of establishing that he is entitled to equitable tolling on the basis of his mental illness. Therefore, the Court finds that Petitioner is not entitled to habeas relief.

### C. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the

---

[2]Petitioner's attorney actually filed a notice of insanity defense on February 26, 1997.

denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and no certificate of appealability is therefore warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [dkt. # 8] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is

**DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Equitable Tolling" [dkt. # 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

                               s/Nancy G. Edmunds
                               Nancy G. Edmunds
                               United States District Judge

Dated: March 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2009, by electronic and/or ordinary mail.

                               s/Carol A. Hemeyer
                               Case Manager